## GRASS VALLEY QUARTZ MINING CO. *v.* STACKHOUSE *et al.*

It is error to refuse to allow a plaintiff to strike out a claim for damages; without regard to the purpose which may influence him.

This is a privilege which is never denied, whether the question be one of jurisdiction or otherwise.

The rule is well settled that a party has a right to testify on his own behalf to prove the loss of original documents, as a predicate for the introduction of secondary evidence to prove their contents.

APPEAL from the County Court of the County of Nevada.

This was an action instituted before a justice of the peace for the recovery of a mining claim, and for $500 damages. The defendants recovered judgment, and plaintiff appealed to the County Court. On the case being called for trial in that Court, the plaintiff moved to be allowed to amend his complaint by striking out the prayer for damages. This motion, being opposed on the part of defendants, was overruled by the Court.

On the trial, the plaintiff offered to call W. C. Crossette as a witness, to prove the loss of the record of the mining laws of 1851 of the district in which the claim in dispute was situated. The defendant objected to the introduction of the witness for that purpose, on the ground that he was a large stockholder in the corporation plaintiff, which was admitted to be the fact. The Court below sustained the objection, and refused to allow the examination of the witness. The plaintiff then offered to call Crossette to prove a certain book of records of the mining claims of the locality, accompanied by an affidavit of Crossette that he was the only person who could prove the same, which was also refused by the Court.

A judgment of non-suit was entered on motion of defendants, in the Court below, and plaintiff appealed.

*Edwards & English* for Appellant.

I. The Court erred in refusing the plaintiff's prayer to strike out or abandon the claim for damages. No objection to the jurisdiction had previously been interposed. It will be conceded that the Court had jurisdiction to determine the right to the *claims.* The damages were a distinct, substantive demand, of which the Court had not jurisdiction, but which it was the right of the plaintiff to abandon at pleasure. Van Etten & Steele *v.* Jilson *et al.*, Jan. Term, p. 1856.

II. The witness offered, although a stockholder in the company, was

competent to prove the loss of the original papers, and prepare for the admission of secondary evidence. He was admissible of necessity.

*Dunn & Meredith* for Respondent.

1. It was too late, after the case was called for hearing and lapse of time, for appellants to amend the *ad damnum.* The amendment could not have changed or altered the final determination of the suit or non-suit; no injury resulted to the appellants from that cause, and they would not of course be entitled to redress. Again, no amendment by striking out, could confer jurisdiction. Chew *et al. v.* Williams *et al.*; Supreme Court Cal. R., Jan. Term, 1856.

2. Crossette, although a competent witness to prove the loss of books or writings pertinent to the case, was not so for any other purpose. 1 Greenleaf's Evidence, §§ 349, 558 ; 1 Peters R., 591, 596 ; Page *v.* Page, 15 Pick., 368, 374, 375 ; Jackson *v.* Frier, 16 John., 193 ; Mc-Cauley *v.* York Mining Co., Cal. R., Jan. Term, 1856.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

There are two errors, on account of which this case must go back. The first is the refusal of the Court to permit the plaintiffs to strike out their claim for damages. I can imagine no right better established than that of any party to waive a recovery for damages, without regard to the purpose which may influence him. And it often happens in Courts of record even after verdict and judgment, that a party is compelled to enter a remittitur of damages in order to conform his recovery to his actual rights ; and it is a privilege which is certainly never denied, whether the question is one of jurisdiction or otherwise.

In this case particularly, the plaintiff was right in moving to withdraw his claim for damages, for in Van Etten & Steele *v.* Jilson, at the January term, 1856, we held that justices of the peace had no jurisdiction of such claims, in actions of this character, and that case was reversed because the ground of its dismissal was a prayer for damages exceeding the jurisdiction of the justice, the Court holding that it should have been stricken out or disregarded, and ought not to have turned the party out of Court,

2. The other error consists in the refusal of the Court to permit one of the plaintiffs to be introduced as a witness to prove the loss and destruction of certain mining rules and regulations, as a predicate for the introduction of secondary evidence to prove their contents. This is error beyond any question. The rule is well settled, and needs no discussion.

The judgment is reversed, and the cause remanded.